JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited., et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. ACTION AGAINST CORPORATE OFFICERS—RIGHT TO SUE CORPORATION.
   Code Civ. Proc. § 1781, authorizing an action against trustees, directors, managers, or other officers of corporations for certain purposes, does not authorize an action against the corporation itself.

2. SAME—STOCKHOLDERS' ACTION.
   Where directors common to two corporations make a contract between the two for the purpose of defrauding one of them for the benefit of the other, stockholders of the corporation sought to be defrauded have a right at common law to sue to have the contract declared void.
   [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 784.]

3. SAME—FOREIGN CORPORATION—JURISDICTION.
   Under Code Civ. Proc. § 1780, providing that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, the courts of this state have jurisdiction of an action by resident stockholders of a foreign corporation against another foreign corporation to have declared void for fraud an agreement canceling a lease from defendant to the corporation of which plaintiffs were members.

4. SAME—ACTION TO AVOID CANCELLATION OF LEASE—TITLE TO LAND.
   An action by stockholders of a corporation to have declared void for fraud an agreement canceling a lease from another corporation to that

in which plaintiffs held stock does not involve the title to land so as to affect the jurisdiction of the courts of a state other than that where the land is situated.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Solomon R. Jacobs and another against the Mexican Sugar Refining Company, Limited, and others. From a judgment overruling a demurrer to complaint (91 N. Y. Supp. 902), defendants appeal. Affirmed.

See 90 N. Y. Supp. 824.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William P. S. Melvin, for appellants.
George H. Engelhard, for respondents.

INGRAHAM, J. This appellant interposed a demurrer to the complaint upon the ground that it appears upon the face thereof that the court had not jurisdiction of the subject-matter of the action. That demurrer was overruled, and the defendant appeals.

The action is brought by the plaintiffs, as stockholders of the Mexican Sugar Company, and the plaintiffs demand judgment on behalf of themselves and all other stockholders of the Mexican Sugar Company that an agreement by which a lease made by the Refining Company to the Mexican Sugar Company is canceled be declared null and void and of no effect. It is thus sought to enforce a cause of action in favor of the Mexican Sugar Company to cancel an agreement between that company and the Refining Company by which the rights of the Mexican Sugar Company, and plaintiffs as stockholders therein, would be impaired or injured. The complaint alleges that the Mexican Sugar Refining Company, Limited, is a corporation organized under the laws of the state of Louisiana, and that said company was, and now is, the owner of a large sugar plantation in the state of Vera Cruz, in the republic of Mexico, known as the "Santa Fé Plantation," and of the buildings thereon erected, and that said plantation and its appurtenances constitute the only asset of said Refining Company; that at the end of 1901 it was found by the directors and stockholders of the Refining Company that a large amount of money would be required for working capital, which the said Refining Company was unable to raise, and it was therefore deemed advisable that it should lease its plantation to persons able to operate it; that thereafter Braker, Craven, and Dowler and the plaintiffs formed a syndicate for the purpose of taking such a lease from the Refining Company and operating said plantation; that on or about February 21, 1902, the Refining Company executed a lease to Max J. Mayer and Samuel S. Lees, who represented said syndicate, for a term of two years from May 1, 1902, with an option of renewal for three additional years at a rental of 50 cents per ton, gold, for each and every ton of cane ground in the mill or refinery to be erected upon the premises, it being provided that in no event the

revenues for such tonnage were to fall below the sum required to pay the interest on the bonds issued by the Refining Company and the taxes, insurance, and all other public charges upon said premises, and a copy of said lease is made a part of this complaint; that subsequently the said syndicate caused the Sugar Company to be organized under the laws of the state of New Jersey with an authorized capital stock of 6,000 shares of the par value of $100 each for the purpose of acquiring the lessees' interest in said lease and of operating said plantation thereunder; that thereafter an agreement was entered into between the members of the said syndicate for the issue of the entire capital stock of the Sugar Company as follows: That the lease of the said sugar plantation should be assigned by said Mayer and Lees to the said Sugar Company in exchange for 5,200 shares of the capital stock of the said Sugar Company, the said stock to be divided between the plaintiffs, Craven, and Dowler; that there should be issued to Arthur Jacobs (one of the plaintiffs) 233⅓ shares of the stock, to Craven 491⅔ of stock, to Dowler 1,474 shares, and that the remaining 3,001 shares of said 5,200 shares should be issued to Braker and the plaintiff Solomon R. Jacobs jointly, as voting trustees, to be held by them in trust during the continuance of the term of the lease, as provided by a certain trust agreement entered into between Braker, Craven, Dowler, and the plaintiffs, and that the remaining 800 shares of the capital stock of the Sugar Company should be issued and paid for in cash at par, 266⅔ to Arthur Jacobs (one of the plaintiffs), 133⅓ shares to Craven, 400 shares to Dowler; that the entire capital stock of the Sugar Company was thereafter issued in pursuance of said agreement, the said Sugar Company receiving in payment for the same an assignment of the lessees' interest in the lease of the plantation owned by the Refining Company and the sum of $55,000 in cash, which was paid into the treasury of the company in several installments, as called for by the board of directors of the company; that after the issue of the capital stock of the Sugar Company, and after various transactions among some of its holders, the stock of the said company, represented by both stock certificates and voting trust certificates, was owned by Braker, Craven, Dowler, and the plaintiffs; that the said agreement of October 29, 1902, provided that the first board of directors of the said Sugar Company should consist of Braker, Craven, Dowler, and the plaintiffs, and that Braker should be president, Solomon R. Jacobs treasurer, and Craven secretary of said company, and that these directors and officers still continue the directors and officers of the company, and that under the voting trust agreement no change can be made except upon the joint vote of Braker and Solomon R. Jacobs, the voting trustees; that thereupon the said Sugar Company took possession of the plantation, and commenced to operate the same, and for the purpose of carrying on the work acquired a large number of mules, large quantities of tools and implements, and employed a manager and other employés and many laborers, all at

a large expense; that they had also advanced to the Refining Company upwards of $30,000 to enable the Refining Company to pay the interest upon its bonds, for which the Refining Company is still indebted to the Sugar Company; that in this manner the Sugar Company has borrowed about $67,000, which, with the $55,000 of working capital, had been expended upon the leased property, and in addition thereto the amount of $25,000 had been expended by Dowler on behalf of the Sugar Company towards the erection of a still, as provided for in the agreement as a part of his subscription to the capital stock; that during the first grinding season from December, 1902, to May, 1903, no cane was harvested or ground, and no sugar refined or alcohol distilled by the Sugar Company, and that it made no earnings during said period; that in the month of April, 1903, Braker and Craven purchased 2,000 shares of stock of the Refining Company, which before had been held by other people, and that in the summer of 1903 Dowler sold his entire interest in both companies to Craven and Braker, so that Braker and Craven owned 5,330 shares and the plaintiffs owned 670 shares of the stock of the Refining Company, and Braker and Craven owned 4,000 shares and the plaintiffs owned 2,000 shares of the Sugar Company; that Braker and Craven controlled and still control the board of directors of the Sugar Company— Dowler, after the sale of his interest in the company, continuing to act as director at the request of Braker and Craven, and acts entirely according to their wishes and directions and under their control; that thereafter Braker and Craven conspired among themselves and with the Refining Company to manage the affairs of the Sugar Company for the benefit of the Refining Company in which they had a much larger interest, and to the detriment of the Sugar Company; that in or about the month of April, 1904, said Braker and Craven, with the assistance and connivance of Dowler, conspired among themselves with the Refining Company to wreck said Sugar Company by depriving it of all its assets, and to obtain the same for themselves, either as individuals or through their larger interest in the Refining Company, and particularly to bring about a cancellation by the Refining Company of the lease of said plantation, which would utterly destroy all the property and assets of the Sugar Company, and cause them to revert to and become the property of the Refining Company, in which Braker and Craven had a much larger and the plaintiffs a much smaller interest; that Braker and Craven had the control of the board of directors of the Refining Company, and that on or about April 25, 1904, Braker, Craven and Dowler, as directors of the Sugar Company, and in violation of their duty as such directors, and in furtherance of their plan to wreck said company, and against the adverse vote of the plaintiffs, passed a resolution authorizing the president to pledge all the assets of the Sugar Company, except its lease of said plantation, representing as hereinbefore set forth an investment of about $150,000, to one J. W. Cunningham, without any consideration whatsoever, to secure an alleged claim of said Cunningham against

the Sugar Company for about $30,000, alleged to have been loaned by said Cunningham to the said Sugar Company, and to execute to said Cunningham a demand note for the amount thus alleged to be due him; that after the passage of said resolution said Braker, as president of the Sugar Company, executed said demand note to Cunningham, and he executed an instrument of pledge of all said assets, and delivered the same to him; that said Cunningham never was, nor now is, the bona fide holder of said alleged claim against the Sugar Company, but is merely the agent and representative of Braker, who had advanced said moneys to the Sugar Company without security, and that said resolution was passed by said directors for the unlawful purpose of transferring all the assets of the Sugar Company to said Braker in fraud and violation of its rights and interests, and for the further purpose of making inevitable the cancellation of said lease by the Refining Company; that thereafter, on May 9, 1904, Braker, Craven, and Fields passed a resolution whereby the Refining Company canceled its lease of the plantation to said Sugar Company, and immediately thereafter Braker, Craven, and Dowler abandoned and disregarded the rights of the Sugar Company, pretended to assume possession of the said plantation for the Refining Company, all in violation of their duty as directors of the Sugar Company, and that they now claim to hold such possession for the Refining Company; and the judgment demanded is that the attempted cancellation of the said lease by the Refining Company be declared null and void and of no effect, and for further relief.

The demurrer being upon the ground that the court had no jurisdiction of the subject-matter of the action, whether or not a cause of action is alleged is not presented, this analysis of the complaint being merely for the purpose of ascertaining just what cause of action is sought to be enforced. Nor is the question as to a defect of parties, in that the directors whose acts are complained of are not parties to the action, presented; the only question being whether or not the Supreme Court of the state of New York has jurisdiction of the cause of action here sought to be enforced.

This action cannot be maintained under section 1781 of the Code of Civil Procedure, as that section provides for an action against the officers or directors of a corporation; and, as neither the officers nor directors of either corporation are parties defendants, the action is not against them, and therefore is not such an action as is authorized by that section of the Code. I think, however, that at common law an action can be maintained by the stockholders of a corporation to have declared void a contract with another corporation, which are controlled by common directors, where the acts of the two corporations are based upon a fraudulent combination by which a majority of the directors of the two companies seeks to defraud one corporation for the benefit of the other. Here it is alleged, and the demurrer admits, that Braker and Craven controlled a majority of the stock of both corporations, and also controlled the board of directors of both corpora-

tions; that they have a much larger interest in the stock of the Refining Company than in the Sugar Company, and thus would be benefited by acquiring for the Refining Company all the property of the Sugar Company; and to advance that interest, in violation of their duty as the directors and the majority stockholders of the Sugar Company, they have canceled the lease of the Sugar Company, and taken possession of all the property of the Sugar Company in the name of and for the benefit of the Refining Company. That such a transaction is a gross fraud upon the minority stockholders of the Sugar Company cannot be disputed; and a court of equity could, by appropriate relief, prevent the execution of such a scheme; and where both corporations are controlled by those who are carrying this fraudulent scheme into effect, the stockholders of the defrauded company can maintain an action to restrain the fraudulent acts of the directors and majority stockholders; and undoubtedly the Supreme Court of the state of New York, as a court of general equity jurisdiction, has jurisdiction of such cause of action. As the defendants are both foreign corporations, it is said that this court has no jurisdiction to enforce a cause of action in favor of one foreign corporation against another foreign corporation; and that would be undoubtedly true if the action was brought by one foreign corporation against another corporation. The action, however, is not brought by either of these foreign corporations. It is brought by the plaintiffs as stockholders of one of the corporations, seeking, it is true, to enforce a cause of action in favor of one corporation against the other; but still the cause of action is one given to the plaintiffs to protect their rights as stockholders by applying to a court of equity to prevent the consummation of a fraudulent act which would tend to the injury of the corporation of which they are stockholders. There is no allegation in the complaint as to the residence of the plaintiffs, but as the demurrer can only be sustained because of an objection that appears upon the face of the complaint, if it does not appear in the complaint that the plaintiffs are nonresidents, the objection must be taken by answer.

Section 1779 of the Code provides that an action may be maintained by a foreign corporation in like manner, and subject to the same regulations as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law; and section 1780 provides that an action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action; that an action against a foreign corporation may be maintained by another foreign corporation or by a nonresident "where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state." Undoubtedly under this section a cause of action could not be maintained by the Sugar Company against the Refining Company in the courts of this state, but I think that resident stockholders who have an interest in a foreign corporation can maintain an action to protect

their interest as stockholders by enforcing a contract in favor of one foreign corporation against another foreign corporation where such a cause of action could be maintained if the corporation of which they are stockholders was a domestic corporation. Brinckerhoff v. Bostwick, 88 N. Y. 52; ·Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. Section 1780 of the Code of Civil Procedure expressly provides that an action against a foreign corporation may be maintained by a resident of the state for any cause of action. Now, the plaintiffs, as stockholders, have a cause of action against the defendant the Refining Company to compel that company to recognize the rights of the Sugar Company, of which they are stockholders. It is the plaintiffs' right to commence that action in equity—that is, the cause of action sought to be enforced—and, while the relief that will be awarded will be in favor of the Sugar Company, the cause of action that is sought to be enforced is a cause of action which vests in a minority stockholder to prevent the majority stockholders and the officers of the corporation from carrying out a fraudulent scheme to injure the corporation of which the plaintiffs are stockholders. In Bouvier's Law Dictionary a "cause of action" is defined as "matter for which an action may be brought. A cause of action is said to accrue to any person when that person first comes to a right to bring an action." Thus, if the plaintiffs have a right to bring the action, they have a cause of action to enforce that right which, under section 1780 of the Code, they may commence against one or more foreign corporations. The demurring defendant having appeared in the action, the court has jurisdiction over the person of the defendant, and, having jurisdiction of the person, the court can enforce the rights of its citizens as stockholders of the Sugar Company by such a decree as is necessary for their protection as stockholders of the Sugar Company. Certainly citizens of this state should not be refused relief where their interests require a judgment against a foreign corpora tion, and where the courts have acquired jurisdiction over the person of the foreign corporation. Nor is the object of the cause of action to affect the title to real property situate without the state. The ownership of this property in Mexico is in the Refining Company, and that fact is conceded in the complaint. The object of the action is to set aside or have declared void the action of the two companies controlled by the same directors in canceling a lease which is a valuable property right belonging to the Sugar Company. The title to the real estate is not at all involved. The plaintiffs do not ask, nor could they obtain, a judgment which would give them possession of the property. They can, however, if the facts alleged justify, obtain a judgment declaring that certain acts of these two corporations are fraudulent and void.

I think the judgment appealed from should be affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below.

O'BRIEN and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.

McLAUGHLIN, J. (dissenting). It seems to be conceded in the prevailing opinion that this court would not have jurisdiction of the subject-matter of the action had it been brought by one corporation against the other, but it is suggested that, inasmuch as the action is brought by a stockholder of the corporation, it can be maintained. I do fiot understand that a stockholder of a corporation can do for the corporation what it could not do for itself, and, if I am right in this, then the court has no jurisdiction to enforce the cause of action alleged in the complaint, and for that reason the judgment appealed from should be reversed, and the demurrer sustained.

VAN BRUNT, P. J., concurs.