[Civ. No. 948.    Third Appellate District.—April 23, 1912.]

## THE PEOPLE OF THE STATE OF CALIFORNIA, by U. S. WEBB, Attorney General, etc., Plaintiff, v. THE CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY, a Corporation, et al., Respondents; ARTHUR CRANE, Petitioner, Appellant, and FRANK J. SYMMES, Receiver, Respondent.

INSOLVENT CORPORATION—PROCESS OF LIQUIDATION—RIGHT OF STOCK-HOLDERS TO ASSIGN SHARES—RIGHT OF REGISTRY BY ASSIGNEE.—There appears to be no rule of law nor any reason which precludes an owner of stock in an insolvent corporation, which is in process of liquidation, from transferring the same to whomsoever he pleases. The law embodied in section 324 of the Civil Code expressly provides that shares of stock, to evidence which certificates are issued, constitute personal property, and may be transferred. Though shares of stock in an insolvent corporation may possess little, if any, intrinsic value, it is nevertheless property, and its transfer carries with it the rights that would accrue to the original owner thereof, and he has the right to be registered in the stock book of the corporation as the owner of the stock so transferred to him.

ID.—STOCKHOLDERS UNAFFECTED BY INJUNCTION AGAINST THE CORPORATION AND OFFICERS.—The stockholders of the corporation, as such, are unaffected by an injunction against the insolvent corporation and its officers to prevent the same from carrying on its business, and such injunction cannot preclude a transfer of stock therein by such stockholders or affect its validity, subject only to the individual liability of a stockholder for debts of the corporation contracted during his ownership of the stock.

ID.—REMEDY TO COMPEL ENTRY OF STOCK—PARTIES—CORPORATION—ENTRY BY RECEIVER—CUSTODY OF BOOKS.—The stockholder to whom the stock has been transferred may properly proceed to compel the entry of the stock upon the books of the corporation by making the corporation a party defendant, and there being no directors in charge of the corporation, they need not be made parties, and as the receiver is the legal custodian of all the books of the corporation, he may be made a party defendant, and commanded to make the proper entry of the transfer of the stock upon the books of the corporation.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing an application for an order permitting or instructing the defendant corporation

or petitioner or the receiver of corporation to enter petitioner's name as a stockholder of record in the stock book of the defendant corporation.    James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, Appellant, *in pro. per.*

J. V. De Laveaga, and E. De Los Magee, for Receiver, Respondent.

U. S. Webb, Attorney General, for People, Plaintiff.

HART, J.—This is an appeal from an order denying and dismissing petitioner's application for an order permitting or instructing the defendant corporation or the petitioner or the receiver of said corporation to enter the petitioner's name "as a stockholder of record in the stock book of the defendant corporation."

The facts as shown by the petition may be summarized as follows:

That "The California Safe Deposit and Trust Company," a corporation, is "now in the course of liquidation and of judgment and decree" of the superior court in and for the city of San Francisco.  On the twenty-ninth day of January, 1908, said court issued a "permanent injunction against the defendant corporation and the officers thereof, enjoining them from further carrying on the business for which the said corporation was organized," and at the same time appointed as receiver of said corporation one Edward J. Le Breton, who accepted said appointment, qualified as such receiver and entered upon the discharge of his duties as such, and took possession of all the books, papers, records and properties of said corporation.  Le Breton continued to act as such receiver until the date of his death, which occurred on the nineteenth day of March, 1910.  On the twenty-fourth day of March, 1910, said superior court, after due proceedings, appointed Frank J. Symmes as the successor of said Le Breton, and said Symmes has since then been, and is now, the receiver of said corporation.

The petition alleges that, "on or about September 20, 1909, the board of directors of said The California Safe Deposit and

Trust Company obtained permission of the said court to levy an assessment upon all of the capital stock of said corporation, on the representation and promise to the court that 'no one would buy in any of the stock which would be sold for the said assessment.' " It is alleged that in pursuance of the permission so obtained, an assessment of ten dollars per share was, on the twentieth day of December, 1909, levied by said corporation upon all the capital stock of said corporation; that the owners of said stock having defaulted in the payment of said assessment, an order was duly made by said corporation, on the eighth day of February, 1910, that the said stock of said corporation should be sold on March 10, 1910, to pay the assessment so made; that the assessment sale was duly advertised and regularly held at room No. 801, in the Kohl building, in said city and county of San Francisco, on said tenth day of March, 1910; that the petitioner attended said sale and bid the sum of $50.25 for five shares of said stock, said sum representing the amount of said assessment and costs, and that "said five shares were thereupon knocked down, struck off, sold and delivered to the said plaintiff, the said plaintiff then and there paying the sum of $50.25 to the said corporation." It is further alleged that the respective owners of the several shares so purchased by the petitioner each consented to and authorized the sale of said shares to the petitioner, and each signed and executed an assignment thereof to petitioner, and that by reason thereof the latter became and is the assignee by purchase of said shares of stock. It is alleged, upon information and belief, that the petitioner is the only stockholder of the defendant corporation now in existence; that all the directors and officers of the defendant corporation have disqualified themselves from holding office as such and have abandoned such offices as directors and officers; that the petitioner is the only person in existence entitled to act for the said corporation other than the receiver of said corporation, appointed by said court as heretofore explained.

The petitioner declares that, when he bid in and purchased said shares, he had no knowledge of the promise made to the court, at the time permission was thereby granted to levy the assessment referred to, that "no one would buy in any of the stock which would be sold for the said assessment."

It is alleged "that said receiver at all times since his said appointment has refused, and still refuses, to allow said petitioner, or the defendant corporation, to enter petitioner's name as a stockholder in the said books, or as sole stockholder, or to himself enter said name as a stockholder, although many times requested so to do."

A general and special demurrer was interposed to the petition, and, while there is no showing that the demurrer was directly passed upon, the order denying and dismissing the petition may be regarded as amounting to the same thing—that is, a ruling that the averments of the petition are not sufficient to entitle the petitioner to the relief prayed for.

The effect of the demurrer is, of course, to admit the truth of the allegations of the petition.

The respondent contends, in support of the order appealed from, that there are two reasons which justified the trial court in denying the relief asked for by the petition, viz.: (1) That the appellant was and is not a legal stockholder of the corporation, and (2) that, assuming that he is a legal stockholder, he cannot compel the receiver to enter his name as such stockholder on the books of the corporation.

The argument advanced in support of the first of the foregoing points is this: That the order authorizing or permitting the directors to levy an assessment on the stock of the corporation was made after the time within which an appeal might have been taken from the order granting the injunction enjoining the directors from further transacting or conducting any of the business of said corporation; that the judgment entered upon the order granting the injunction had, therefore, become permanent before the making of the order permitting the assessment of the stock by the directors, and that the court was consequently without jurisdiction to make the latter order, or, as counsel put the proposition, "the lower court had no power to modify or set aside this permanent injunction to permit the directors of the California Safe Deposit and Trust Company to levy an assessment." It is, therefore, contended that both the assessment and the sale were absolutely void, and that the petitioner thus legally acquired no stock in the corporation.

The contention with respect to the second point is that the receiver is without authority to enter the petitioner's name in

the books of the corporation as a stockholder, as such act would be in excess of his powers as such receiver.

We do not conceive it to be necessary, in our view of the main question submitted for decision, to pass upon the proposition whether the effect of the court's order permitting the board of directors to levy an assessment upon the stock was to *modify* the injunction referred to or whether the action of the court thus complained of merely involved an act, consistent with the injunction, designed to facilitate the liquidation or the winding up of the affairs of the corporation to the best interests of the depositors, creditors, shareholders, etc. It may be suggested, however, that an injunction in such case is, as a rule, merely an ancillary or incidental remedy in aid of the purposes of liquidation, and is usually directed solely against the misuse or misappropriation of the property and assets of the corporation and to prevent the doing of any new business by the directors or officers *with the public* for the corporation. But, however that may be, we do not, as stated, intend to decide that question here, because we do not think it necessary to a decision in this case to do so.

We have been aided very little by counsel in reaching a conclusion in this case. While counsel for the appellant has cited a long list of cases which he insists sustain his position that it was the duty of the court to compel the receiver to register his name in the stock book as a stockholder of the corporation, counsel for the respondent have contented themselves with the treatment of their positions on the several questions presented here as *obviously* sound, and have distinguished the cases cited by appellant from the case at bar by the declaration in effect that they *obviously* apply to "going corporations" only, or corporations not in course of liquidation, and not, therefore, to insolvent corporations *in custodia legis*. In short, counsel for respondent have neither cited authorities, if any on the points involved are available, nor advanced any argument in support of their bald statement that their contentions are right and that the cases referred to by appellant have no application to the facts of this case.

We have very often found it to be true—at least, it has been so found by the writer—that among the most troublesome tasks imposed upon reviewing tribunals are those involved in those cases in which the attorneys concerned conceive the

propositions contended for by them to be so *obvious* as to require neither the citation of authorities, if any are to be had, nor the presentation of argument to support them. There may be sound legal reasons why the court below, under the circumstances which are disclosed by the petition, should not allow the name of the petitioner to be registered in the corporation books as a stockholder, but if so, those reasons have not been presented in the briefs and argument here.

It may be conceded, for the purposes of this case, that, under the order of the court permitting the assessment of the stock of the corporation, the sale of said stock for the purpose of enforcing payment of the assessment so levied was void, and that the petitioner, therefore, did not acquire a legal or any title to said stock by reason of such sale. But the petitioner does not rely alone upon the title, if any, thus acquired to the stock referred to in his petition. He alleges that, in addition to buying said stock at said assessment sale, he acquired title thereto by the assignment thereof to him by the owners of said stock.

We have been shown neither any rule of law nor any reason which precludes an owner of stock in an insolvent corporation in process of liquidation from transferring the same to whomsoever he pleases. The law provides that shares of stock in a corporation, to evidence which certificates are issued, constitute personal property and may be transferred. (Civ. Code, sec. 324.) Stock in such corporation may possess little, if any, intrinsic value, but it is, nevertheless, property, and its transfer carries with it whatever rights that would accrue to the original owner thereof. Having purchased the stock of the owners thereof in the corporation involved here and thereby become entitled to whatever rights accompanied such ownership, we can at the present time conceive of no reason why the petitioner should not be registered in the stock book of the corporation as the owner of the stock so transferred to him and, therefore, as a stockholder in the concern.

There is nothing in the averments of the petition indicating that the stockholders were placed under the ban of the injunction referred to in said petition. The stockholders cannot be held to have become any less the owners of their stock or any less stockholders in the corporation simply because of the proceedings in liquidation, nor is their power or right to dispose

18 Cal. App.—47

of it, if they choose to do so, destroyed or impaired or curtailed in the slightest measure for that reason. Of course, the sale of stock by a stockholder would under no circumstances release his personal or individual liability for his proper proportion of all its debts and liabilities contracted or incurred *during the time he was a stockholder* (Const., art. XII, sec. 3; Civ. Code, sec. 322), but, as stated, his stock.is *property* which he may sell or transfer at any time or under any circumstances, so long as he is not prevented from doing so by some legal process or proceeding, involving either his rights as to such stock or the rights generally of the corporation.

But respondent contends that this proceeding should have been brought against the directors of the corporation and not against the receiver, for the reason, as before stated, that it is not within the duties or powers of the last-named officer to register transfers of stock in the books of the corporation. The proceeding is directed against both the receiver and the corporation, and it is alleged that the receiver has in his possession all the books, papers, etc., of the corporation, and that he has refused, "and still refuses, to allow said petitioner, or *the defendant corporation,* to enter petitioner's name as a stockholder in the said books," etc. This allegation necessarily implies that the *corporation* is willing and ready to enter the name of the petitioner in the stock book as a stockholder if permitted to do so by the receiver who has sole possession of said book and all books of the corporation, and the relief asked is merely that an order be made allowing petitioner's name to be properly so registered in the proper book. The proceeding against the corporation is sufficient without making the directors parties thereto. The latter are mere agents of the corporation, and their acts as such are always those of the corporation. And, obviously, the latter can act only through its agents, and where a corporation is compelled to do some act which it is its legal duty to perform, it can perform that act only through its duly authorized agent or agents. Therefore, if the receiver is required by the order of the court to allow the *corporation* to enter the name of the petitioner in the stock book as a stockholder, it will follow that that act will be performed by those of its officers or any officer upon whom, under the circumstances, that duty must necessarily rest.    .. .. .

If it be true, as the petition alleges, that there are now no directors or officers of the corporation, then we can perceive no valid reason why the court should not require its receiver to perform the physical act of registering the name of the petitioner in the stock book as a stockholder by reason of his ownership of the stock mentioned in the petition.  The corporation and its property and books are in the possession and control of the receiver for the court, and the receiver may, among other things, do and perform any acts respecting the property of the corporation that the court may authorize. (Code Civ. Proc., sec. 568.)  At any rate, as we have declared, we are satisfied that the petitioner is entitled to have the evidence of his ownership of the stock described in the petition and of his corresponding rights as a stockholder of the corporation, whatever such rights may amount to, duly and properly preserved in the book of the corporation maintained for such purpose.

The order is reversed.

Chipman, P. J., and Burnett, J., concurred.