TRAVIS v. KNOX TERPEZONE CO. et al.   (No. 6551.)

(Supreme Court, Appellate Division, First Department.   December 18, 1914.)

1. CORPORATIONS (§ 133*)—CORPORATE STOCK—TRANSFER OF SHARES—REMEDIES.

A suit in equity will lie to compel the transfer upon the books of the company of stock in a corporation to the true owner.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

2. CORPORATIONS (§ 665*)—CORPORATE STOCK—TRANSFER OF SHARES—ACTIONS—JURISDICTION.

The Supreme Court, having acquired jurisdiction over a foreign corporation and its officers by personal service within the state, has jurisdiction to compel the transfer on the books of the corporation of stock bought by the plaintiff, who was a resident of the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573, 2595–2600; Dec. Dig. § 665.*]

3. CORPORATIONS (§ 667½*)—CORPORATE STOCK—TRANSFER OF SHARES—ACTIONS—PARTIES.

In an action against a foreign corporation to compel the transfer of stock upon its books, the officers of the company, who are authorized, and whose duty it is, to make the transfer, are properly joined as defendants.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2640; Dec. Dig. § 667½.*]

4. CORPORATIONS (§ 133*)—CORPORATE STOCK—TRANSFER OF SHARES—REMEDIES—INCIDENTAL RELIEF.

In a suit to compel the transfer of corporate stock upon the books of a corporation, damages sustained by the failure to make such transfer are incidental to the equitable relief, and may be properly claimed in the same action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

McLaughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Frank H. Travis against the Knox Terpezone Company and others.  From an order overruling demurrer to the amended complaint, the defendants appeal.  Affirmed, with leave to amend.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Lewis Hopkins Rogers, of New York City, for appellants.
Robert Sharp Fletcher, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. The plaintiff alleges, among other things, that the defendant is a foreign corporation organized under the laws of the state of New Jersey, and that it has an office for the regular transaction of business in the city of New York; that plaintiff is a resident of the city and state of New York, and that the individual defendants Rogers and Skinner have offices for the regular transaction of business in the city of New York, and are respectively the president and treasurer of the company; that the defendant Schelling is the vice president and duly registered transfer agent of the defendant corporation for the state of New Jersey; that on the 18th day of February, 1914, the plaintiff was the owner of 57,500 shares of the capital stock of the defendant corporation, represented by six certificates, which had been duly assigned by him, with power of attorney to transfer the same duly attached thereto, as required by the laws of New Jersey and the by-laws of the corporation, and on that day through his agent delivered the same to the defendant Schelling in the city of New York, with a request that they be transferred to the name of the plaintiff on the books of the corporation; that Schelling thereupon signed and delivered to the plaintiff's agent a receipt for the certificates of stock, reciting that he had received them for the purpose of transferring them as requested; that on the 31st day of March, 1914, the defendant corporation notified the plaintiff that it refused to transfer the stock, and assigned as a ground for such refusal that it claimed some right, title, or interest "in or against the said stock"; that the defendant still retains the stock and refuses to transfer it; that the defendant Schelling is the vice president, and he and Rogers and Skinner are the only persons authorized by the by-laws of the corporation to sign and issue certificates of stock, and that Schelling has the custody and control of the stock transfer books, stock ledger, and stock certificate book of the corporation, and that said three individual defendants constitute a majority of the board of directors of the corporation, and they, together with members of their families, own 113,000 shares of the total 248,000 shares of the capital stock; and that this action was commenced on the 1st day of June, 1914, by the service of the summons and complaint on the defendant corporation and the individual defendants Rogers and Skinner.

The plaintiff demands judgment, among other things, that the defendant corporation, by its president and treasurer, or proper officers, be directed to transfer the said shares of stock to the name of the plaintiff on its books, in the manner required by the laws of the state of New Jersey, and to deliver to him new certificates of stock therefor in due and proper form. There are other allegations with respect to acts of the corporation in derogation of the rights of the plaintiff as a stockholder and concerning the election of officers, and there are other prayers for relief with respect thereto which we do not deem it necessary to consider.

The grounds of the demurrer are: (1) That the complaint fails to state facts sufficient to constitute a cause of action; (2) that the court has not jurisdiction of the subject of the action; (3) that there is a defect of parties defendants, in that the corporation only is respon-

sible, the defendants Rogers and Skinner, "if acting at all, acting only as officers of said corporation"; and (4) that two causes of action have been improperly united, in that the corporation is sued for specific performance, and another cause of action is for tort against the defendants Rogers and Skinner for the detention of the stock, or for defrauding the plaintiff with respect to the stock.

[1] There is no merit in the contention that the complaint fails to state facts sufficient to constitute a cause of action, for it is well settled that a suit in equity will lie to compel the transfer upon the books of the company of stock to the true owner. Cushman v. Thayer Mfg. Co., 76 N. Y. 365, 32 Am. Rep. 315; Bedford v. American Al. Co., 51 App. Div. 537, 64 N. Y. Supp. 856.

[2] The contention that the court is without jurisdiction of the subject of the action is based on the claim that *all* the relief demanded, for which a foundation is laid by the allegations of fact, relates to the internal affairs of a foreign corporation, over which the courts of another state either have not jurisdiction or do not exercise jurisdiction. This is merely an action to enforce the contract rights of the plaintiff, and I am of opinion that upon principle and authority the Supreme Court of this state, acquiring jurisdiction over a foreign corporation and its officers by service of process within this state, has jurisdiction in a suit by a resident of this state to compel the transfer on the books of the company of capital stock owned by him into his name, and the issue of stock to him therefor. Babcock v. Schuylkill & L. R. R. Co. (Gen. Term, First Dept.) 56 Hun, 649, 9 N. Y. Supp. 845; Westminster Bank v. Electrical Works, 73 N. H. 465, 62 Atl. 971, 3 L. R. A. (N. S.) 551, 111 Am. St. Rep. 637. See, also, Prouty v. Mich. S. & N. I. R. R., 1 Hun, 655; Ernst v. Rutherford Gas Co., 38 App. Div. 388, 56 N. Y. Supp. 403; Miller v. Quincy, 179 N. Y. 301, 72 N. E. 116; Jacobs v. Mexican Sugar Refining Co., 104 App. Div. 242, 93 N. Y. Supp. 776; Hallenborg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403.

[3] The individual defendants, being within the jurisdiction of the state and representing the corporation therein, are properly joined as defendants, for the reason that they are the officers who are authorized to make the transfer and to issue the stock, and whose duty it is to do so, and jurisdiction over them personally may be required to enforce the judgment.

[4] I think there is no merit in the contention that causes of action have been improperly united, for the allegations with respect to damages sustained by the plaintiff, owing to the failure of the defendant corporation and its officers to transfer the stock, are incidental to the equitable relief demanded, and the damages are demanded against all defendants.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements, with leave to the demurring defendants to withdraw demurrer and to answer, on payment within 20 days of costs in this court and in the court below.

CLARKE and DOWLING, JJ., concur. McLAUGHLIN and SCOTT, JJ., dissent.