FREDERICK W. MAHL, JR., Petitioner, v. E. A. PORTAL CO., INC., et al., Respondents.

[1] CORPORATIONS — STOCK CERTIFICATE — TRANSFER ON BOOKS — COMMUNITY PROPERTY—OBJECTION BY WIFE—MANDAMUS—EQUITY.—A writ of *mandamus* to compel a corporation and its secretary to transfer a certificate of stock on the books of the corporation will be denied where such certificate, which constitutes community property, has been indorsed and delivered to the petitioner by a husband without consideration therefor, and without the consent of the wife thereto, and the wife has given notice to the corporation of her objection to the transfer of said certificate; and under such circumstances, a proceeding in equity is the most appropriate remedy.

(1) 14 C. J., p. 766, n. 74; 38 C. J., p. 793, n. 81.

PROCEEDING in Mandamus to compel transfer of certificate of stock on books of corporation. Writ denied.

The facts are stated in the opinion of the court.

Byrne & Lamson for Petitioner.

Knight, Boland & Christen, for Respondents.

STURTEVANT, J.—The petitioner applied to E. A. Portal Co., a corporation, and C. A. Budd, its secretary, to have a certificate of stock transferred on the books of the corporation, the respondents refused to make the transfer, and the petitioner has applied to this court for a writ of mandate directing the respondents to make the transfer. The parties stipulated as follows:

"Respondent E. A. Portal Co., Inc., is now, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of California, having five hundred shares of capital stock of a par value of $100 per share, of which three hundred shares and no more are subscribed, issued and outstanding.

"C. A. Budd is now, and at all times herein mentioned was, the duly elected, qualified and acting Secretary of said E. A. Portal Co., Inc.

"On and prior to the 20th of October, 1926, Frederic Gehret and Blanche Gehret were, and now are, husband and wife, and as such had, on and prior to said day, saved and accumulated from the earnings of said Frederic Gehret and Blanche Gehret, as husband and wife, certain money and property which then constituted, and now constitutes, community property; that included in said savings and accumulations, and such community property, were fifty shares of the capital stock of respondent E. A. Portal Co., Inc., represented by certificate number one, standing in the books of said corporation in the name of Frederic Gehret.

"On said 20th October, 1926, said Frederic Gehret endorsed his name on the back of said certificate, and without any consideration whatever therefor delivered the same to petitioner, with the present intent and design of transferring to petitioner all his right, and said Blanche Gehret's right and title thereto and interest therein.

"Concurrently therewith the Commissioner of Corporations of the State of California, upon application made therefor, issued his permit wherein and whereby he authorized the transfer of said certificate, and the shares and property evidenced thereby, from said Frederic Gehret to petitioner.

"Petitioner thereupon presented said certificate, so endorsed by said Frederic Gehret, together with said permit so issued by the Commissioner of Corporations, to respondent C. A. Budd, as Secretary of respondent E. A. Portal Co., Inc., and then and there demanded of said respondents Budd and said corporation, that she and it, respectively, transfer upon the books of said corporation the said fifty shares of stock from the name of Frederic Gehret to the name of your petitioner, and to issue to your petitioner a certificate therefor.

"Prior to the presentment of said certificate as last aforesaid, respondent Blanche Gehret gave notice to respondent E. A. Portal Co., Inc., and C. A. Budd, that said certificate and the shares and property represented thereby were community property and that she had not consented in writing, or otherwise, to the transfer thereof, but in fact repudiated, and objected to, the transfer of said certificate and the shares

and property represented thereby from said Frederic Gehret to petitioner, and that the same was and is wholly void under and by virtue of the laws of the State of California having to do with community property of husband and wife.

"Respondent E. A. Portal Co., Inc., and C. A. Budd thereupon did and do now refuse to transfer said shares of stock upon the books of said E. A. Portal Co., Inc., to petitioner, and/or to issue to him a certificate therefor, and each of said respondents assigned, and still do assign, as the only reason therefor, that said certificate of stock and the shares and property represented thereby and the property right therein, was and is community property of Frederic Gehret and Blanche Gehret, his wife, and that said Blanche Gehret had given notice in writing to said respondents that said certificate and the shares and property represented thereby was community property and that she had not consented in writing or otherwise to the transfer thereof.

"Said corporation is engaged in the business of buying and selling radio receiving sets and the accessories thereto, and has established valuable trade connections, and has acquired a valuable good-will, together with certain tangible property; that it is impossible to estimate or appraise the value of said 50 shares of stock; that, until the transfer aforesaid, all of the issued, subscribed and outstanding stock of said corporation was in the name of one E. A. Portal and Frederic Gehret, and it is impossible to procure or buy any of said stock in the open market, or otherwise, and said stock has no established market value, and that petitioner desires to vote said stock at the forthcoming annual meeting of the stockholders of said E. A. Portal Co., Inc.; that the penalty of $400.00 as provided in section 324 of the Civil Code of California is inadequate to compensate petitioner for his loss of said stock and the right to vote the same."

[1]  In Cook on Corporations, sixth edition, section 391, the author said: "This (remedy by suit in equity) is the surest, most complete, and most just remedy for compelling a corporation to register a transfer of stock, and for adjusting the various conflicting rights or claims of other parties.   It is a remedy applicable to almost all cases arising under a refusal of the corporation to allow a registry of transfer.   The case will be decided on equitable principles, however; and a transfer will not be decreed if it involves bad faith.   The corporation

itself is of course a necessary and in fact the chief defendant where stock has been presented for transfer, which has ɔee⌐ refused. In a suit in equity by the claimant of stock against other parties, claiming the stock, the corporation is a proper but not a necessary party defendant, in order that a transfer of the stock may be had upon the corporate books.''

In *Spangenberg* v. *Western etc. Co.,* 166 Cal. 284 [135 Pac. 1127], there was before the court an appeal from the judgment of the trial court granting a writ of *mandamus* directing the officers of the defendant corporation to transfer on defendant's books shares of stock in said corporation. In sustaining the appeal and reversing the judgment of the trial court, speaking through Mr. Justice Shaw, the court said: ''But by the great weight of authority it has been generally settled that a suit in equity is, to quote from Cook on Corporations, 'the surest, most complete and most just remedy for compelling a corporation to register a transfer of stock.' (Cook on Corporations, 6th ed., sec. 39.) This remedy, being practically a suit for the specific performance of the obligation to transfer the stock, would generally be more satisfactory than the remedy by *mandamus*, since every claimant could be made a party to the action and a complete adjustment could be made of the rights and interests of all concerned. Such actions have been maintained in this state, *National Bank of the Pacific* v. *Western P. R. Co.,* 157 Cal. 573 [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676], for exemple. That case was contested on other grounds, but it was conceded by both parties that a suit in equity was the appropriate remedy. We are of the opinion that, unless some extraordinary emergency exists, a suit in equity to compel the transfer would be found to be the most appropriate remedy.''

The reasoning of the above authorities is specially applicable to the facts of this case. It is apparent from the agreed statement of facts that the corporation defendant is asserting no title or claim in itself. However, it is apparent that Mrs. Gehret is claiming that she is about to be wronged by the transfer which the petitioner would have this court direct the officers of the corporation to consummate by transferring the shares of stock represented by certificate number 1 on the books of the corporation. True it is that Mrs. Gehret has been made a party, but it is likewise true that ''the

surest, most complete and most just remedy" for protecting her rights is a suit in equity.

The writ is denied.

Koford, P. J., and Nourse, J., concurred.