[Civ. No. 24319.   Second Dist., Div. One.   Aug. 15, 1960.]

EVERT L. HAGAN, Appellant, v. JOSEPH W. FAIRFIELD, Respondent.

Evert L. Hagan, in pro. per., for Appellant.

Ethelyn F. Black and Max H. Gewirtz for Respondent.

WOOD, P. J.—Petitioner sought a writ of mandate compelling respondents to "recognize" an assignment to him of a certificate representing a share of stock in Benedict Heights, Inc.; to record the assignment on the books of the corporation; to issue a new certificate, representing such share, in his name; and to permit him to examine the books and records of the corporation. Respondents were Joseph W. Fairfield, Vid Rosner and Marion Benjamin. The petition was dismissed as to Rosner and Benjamin, and an alternative writ was issued as to respondent Fairfield only. He filed points and authorities in opposition to the granting of a peremptory writ and made a motion for an order quashing the alternative writ and denying the peremptory writ. The motion was granted, and an order was entered quashing the alternative writ and denying the peremptory writ.

In a notice of appeal filed by petitioner, he states that he appeals from the order denying his petition for a writ of mandamus. In his brief he states: "Appellant is appealing solely from the denial of his petition for a Writ of Mandamus to compel an inspection of the books and records of Benedict Heights, Inc."; and that he does not appeal from the denial of his petition for registration of the share of stock. It will be assumed that his appeal is limited as stated in his brief.

Respondent Fairfield contends that the order denying the writ was proper for the reason, among others, the petitioner was not a registered shareholder. Section 3003 of the Corporation Code provides, in part, that certain books and records of a corporation shall be open to inspection by a shareholder upon the written demand of any stockholder for a purpose reasonably related to his interest as a shareholder. Section

103 of that code defines a shareholder as a " 'holder of record of shares' " or a " 'shareholder of record.' " Petitioner did not allege in his petition that he is a holder of record of a share in the corporation or that he is a shareholder of record therein. His allegations in the petition, with respect to his alleged ownership of stock in the corporation, are as follows: In 1959, petitioner purchased from Robert Q. Ahlstrom stock certificate Number 36, representing one share of stock of Benedict Heights, Inc., which certificate had been duly issued to Ahlstrom; at the time of said purchase, petitioner paid Ahlstrom $50, representing the agreed purchase price of the share, and Ahlstrom endorsed said certificate to, and delivered it to, petitioner; about March 10, 1959, petitioner made written demand upon respondents Fairfield, Rosner, and Benjamin that said certificate be registered on the books of Benedict Heights, Inc., and that "petitioner be permitted a shareholder's inspection of the books and records of said Corporation"; each of said respondents refused to register, or cause to be registered, said share on the corporate books, and refuse to permit petitioner to inspect the corporate records.

The allegations of the petition for a writ of mandamus (other than those above set forth regarding ownership of a share) are shown in a footnote.[1]

---

[1]The allegations of the petition (other than those regarding ownership) are as follows: Benedict Heights, Inc. is a corporation organized and existing under the laws of California. About March 1, 1951, Marion Benjamin, Joe Davis, Charles Stanton, Vid Rosner and Arlie Bjorkland were directors and officers of said corporation. About 1952 said officers and directors delegated to respondent Fairfield all their duties as directors and officers of said corporation and turned over to him all the books and records, and the control of all assets, of said corporation. Since said date said corporation has not actively engaged in business, but all said corporation's activities have been performed by Fairfield acting as managing agent of said corporation without any authority. Fairfield has possession of all the books and records of said corporation and has control of all its assets. Fairfield has, while acting as agent and manager of said corporation, collected money due to the corporation and made disbursements without authorization from the board of directors. Fairfield negotiated the sale of real estate formerly owned by the corporation, which real estate at the time of sale constituted the corporation's sole asset, other than stock subscriptions. There has been no accounting to the stockholders, or the last board of directors, of the corporation for any transactions Fairfield carried out since about 1952; and there have been no stockholders' or directors' meetings since about 1952. Respondent Rosner was the last elected president, and respondent Benjamin was the last elected secretary, of said corporation. Inquiries directed to Rosner and Benjamin about the affairs of the corporation always bring the same reply, which is, "see Mr. Fairfield." Rosner and Benjamin disclaim having had anything to do with the corporation for several years. Fairfield refuses to give any information to stockholders concerning officers of the corporation. All assets of said corporation are under the

■ Since the Corporations Code provides that records of a corporation shall be open to inspection by a shareholder, and since that code also provides that a shareholder is a holder of record of shares or a shareholder of record, and since the petition herein does not allege that petitioner is such a shareholder, it is apparent that the petition has not alleged a proper basis for issuing a writ of mandamus.

Appellant argues that Fairfield, by wrongful refusal to register the stock, was estopped to rely upon "non-registration" as a defense. The petition does not allege that Fairfield was the secretary or an officer of the corporation, or that it was his duty to register the stock. It is to be noted that the petition did allege that since "about 1952 all of the corporation's activities have been performed by Fairfield acting as managing agent of the corporation *without any authority*. In other words, the petition does not allege facts showing that Fairfield was such an officer that his refusal to register the stock would be wrongful, but, on the contrary, the petition alleges that Fairfield was acting as managing agent without any authority. Fairfield was not estopped to assert that the petition was insufficient in that it did not allege that petitioner was a registered shareholder.

■ Petitioner herein (appellant) asserts further that the trial court considered the file and the reporter's transcript in the superior court case of *Farrington* v. *Fairfield*, and that this court also should consider those documents. Appellant states, in his brief, that in effect it was stipulated between appellant and Fairfield that this present mandamus proceeding was in all respects "similar and identical, on both the law and the facts, with the Farrington proceedings." In that case, according to appellant's brief, a judge in the superior court ordered the issuance of a writ for inspection of the books, but did not issue it for the registration of the share of stock. Appellant

control of Fairfield. By reason of the refusal of Fairfield, Rosner and Benjamin to recognize the assignment to petitioner of said certificate No. 36 and to re-issue said certificate to petitioner and to permit petitioner to examine the books and records of said corporation, petitioner is unable to participate as a stockholder in said corporation, and is unable, as a stockholder, to ascertain the financial status of the corporation. By reason of the inactivity of the corporation since 1952, and of the fact that all the books, records and assets of said corporation have been in the control of Fairfield since 1952, "the fictitious Corporate persons have, for all practical purposes, disappeared, and for that reason Benedict Heights, Inc. is not made a party to this proceeding. By reason of the facts herein above alleged, Petitioner alleges that Joseph W. Fairchild is the alter ego of Benedict Heights, Inc." Petitioner has no plain, speedy and adequate remedy at law or equity.

states that when the present case came before a different judge in another department, the testimony in the Farrington case was adopted by the court and the parties as the record in the present case. Appellant also states that Fairfield appealed from the judgment in the Farrington case, and that the appeal was dismissed by consent of the parties. On this appeal, appellant states that he incorporates in his brief, by reference, the reporter's transcript in the Farrington case. He argues herein that by adopting the evidence and findings in the Farrington case he established a prima facie case for issuance of a writ of mandamus to compel Fairfield to permit him to inspect the records. The appeal herein is presented on the clerk's transcript. The record herein does not show that the evidence in the other case was adopted as a part of the record herein; nor does the record include the reporter's transcript in the other case. Even if the evidence had been the same in both cases, the trial judge in the present case was not required to make the same determination herein as the other judge made in the other case. Petitioner herein was not a party in the other case. In any event this court cannot consider on this appeal the reporter's transcript of the testimony and proceedings in the other case.

In respondent's (Fairfield's) points and authorities filed, with the trial court, in connection with his motion to quash the alternative writ and to deny a peremptory writ, he called attention to the case of *Hagan* v. *Fairfield*, which had been commenced by this same petitioner two days prior to the time this present proceeding was commenced, and which former case, according to statements in the points and authorities, was an equity case to obtain registration of the share of stock involved herein.

In view of the above conclusion, it is not necessary to discuss other contentions of respondent to the effect that the corporation is a necessary party to the present proceeding; and that mandamus is not the proper proceeding to compel registration of shares of stock.

The order denying the petition for a writ of mandate is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1960.