Filed 7/2/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ANTHONY RAMIREZ,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>    Defendant and Respondent. | A159428<br><br>(San Mateo County Super. Ct. No. 19CIV06657) |

Anthony Ramirez filed a petition for writ of mandate under Corporations Code section 1601,[1] seeking to compel Gilead Sciences, Inc. (Gilead) to allow him to inspect its books and records pursuant to his rights as a stockholder.  The trial court denied the petition on the ground that Delaware, Gilead's state of incorporation, was the sole and exclusive forum to litigate Ramirez's inspection demand.

Ramirez filed this appeal from the order and, while it was pending, litigated his inspection demand to judgment in Delaware.  We conclude Ramirez lacks standing to pursue his California inspection demand under section 1601 because he is not a holder of record of Gilead stock.  Accordingly, we affirm.

---

[1] Unless otherwise noted, further statutory citations are to the Corporations Code.

1

## BACKGROUND

This case arose against a background of investigations and legal actions concerned with whether Gilead, a leader in the development and commercialization of HIV/AIDS treatments, intentionally withheld a safer and potentially more effective medication in order to extend the sales window for its older, more dangerous treatment. In September 2019, Ramirez, a beneficial owner of Gilead shares,[2] demanded that the company permit him to inspect broad categories of documents for the purpose of "obtaining accurate and complete information about his investment in Gilead, and to find out how the mismanagement and breaches of fiduciary duties at Gilead relating to violations of federal and state laws affect that investment. . . ." The petition asserted Ramirez had a "credible basis to investigate whether the Gilead board of directors . . . and certain senior Gilead executives may have breached their fiduciary duties to the Company by engaging in massive and long-standing wrongdoing in connection with the Company's development, patenting, marketing of, and restraints related to, its antiviral HIV/AIDS drugs."

Gilead rejected the inspection request, outlining various ways it failed, in Gilead's view, to comply with California and Delaware law. Ramirez then

---

[2] "A registered owner or record holder holds shares directly with the company. [¶] A beneficial owner holds shares indirectly, through a bank or broker-dealer. Beneficial owners holding their shares at a broker-dealer or bank are sometimes said to be holding shares in 'street name.' The majority of U.S investors own their securities this way." (<https://www.investor.gov/what-registered-owner-what-beneficial-owner> [as of July 2, 2021]; see Evid. Code §§ 452, subd. (h), 459.)

filed a petition for writ of mandate in the superior court asserting common law and statutory rights to inspect the documents described in his demand letter.  The petition sought access to five categories of materials: (1) "All Board Material⬚ and Senior Management Material⬚ constituting, concerning or relating to" 10 categories of documents related in various ways to Gilead's possible anti-competitive activities in marketing and price-setting for HIV/AIDS medications; (2) "All communications by members of the Board . . concerning" the same 10 categories; (3) "All Board Material and Senior Management Material" produced or to be produced in response to any other stockholder demand regarding the same matters; (4) "Board Material and Senior Management Material sufficient to establish any policies that exist to ensure Gilead's compliance with state or federal laws and regulations with respect to antitrust and consumer protection and any topic discussed in this inspection demand as well as any assessment by the Board or senior management of the effectiveness of these policies . . . ."; and (5) "director questionnaires completed by members of the Board for each of the last five years."[3]

---

[3] The demand letter defined "Board Material" as "all documents provided, considered, discussed, prepared, or disseminated, in draft or final form, at, in connection with, in anticipation of, or as a result of any meeting with the Board or any regular or specially created committee thereof, including, without limitation, all presentations, Board packages, recordings, agendas, summaries, memoranda, charts, portals, transcripts, notes, minutes of meetings, drafts of minutes of meetings, exhibits distributed at meetings, or resolutions."  "Senior Management Material" was defined as "all documents . . . discussed by, created by, reviewed by, provided to, and/or sent by any Company officer or lower-level manager employed by the company concerning the subjects of this demand: (i) to investigate potential mismanagement and wrongdoing in connection with the events, circumstances, and transactions described herein; and (ii) to investigate the

In opposition to the petition, Gilead argued the Delaware Court of Chancery was the sole and exclusive forum for litigating Ramirez's inspection demand pursuant to a mandatory forum selection clause that encompassed "any action asserting a claim against the Corporation or any director, officer, employee or agent of the Corporation governed by the internal affairs doctrine." (Italics omitted.) Gilead also asserted the demand was overbroad, Ramirez lacked standing under section 1601 to assert it, and that he failed to state a proper purpose for his request or show he had no adequate remedy at law.

The trial court denied the petition on the ground California was an improper forum. It explained: "Under Gilead's Certificate of Incorporation, claims falling within the internal affairs doctrine are subject to the 'sole and exclusive forum' of Delaware. . . . Petitioner's request for inspection and the present Petition for Writ of Mandate, fall within the internal affairs doctrine. . . . The sole forum for this petition is Delaware."

Ramirez filed this timely appeal and, after sending Gilead a second demand letter seeking access to the same records under Delaware law, filed a complaint for inspection of books and records under section 220 of the Delaware General Corporation Law (hereafter section 220) in the Delaware Court of Chancery. In December 2020 the Delaware court issued a final order and judgment ordering Gilead to "produce to Plaintiff the non-privileged portions of the following books and records, for the period of December 1, 2004 through the date of this Order (unless otherwise explicitly provided herein): [¶] a. Formal Board Materials; [¶] b. Antitrust Action Agreements; [¶] c. Policies and Procedures; [¶] d. Senior Management ensuing response (including investigation, if any) to the events, circumstances and transactions described herein."

4

Materials; [¶] e. Government Communications; and [¶] f. Director Questionnaires."[4]

Gilead informed Ramirez the company would produce its records as ordered by the Delaware court and inquired whether he intended to pursue his appeal in the California action. Ramirez responded that he would, indicating his belief he could obtain "a broader or different set of documents upon remand to the trial court." Gilead moved to dismiss this appeal as moot and sought sanctions for pursuing a frivolous appeal. We deferred ruling on those motions until consideration of the appeal on its merits.

## DISCUSSION

Ramirez asserts the trial court erred in determining Delaware is the sole and exclusive forum for his petition. He argues generally that the Corporations Code bars companies from limiting shareholders' inspection rights through any provisions, including forum selection clauses, in their bylaws or articles of incorporation. More specifically, he contends Gilead's forum selection clause does not control demands under section 1601 because it expressly applies only to claims governed by the internal affairs doctrine, which, he asserts, do not encompass shareholder inspection demands. We need not address these contentions because the trial court's ruling is correct for another reason: Ramirez, as a beneficial owner of Gilead shares, lacks standing to assert an inspection demand under section 1601. " 'If correct upon any theory of law applicable to the case, the judgment will be sustained regardless of the considerations that moved the lower court to its conclusion.' [Citation.] Or, as Witkin puts it, 'If the decision of the lower court is right,

_____

[4] On February 1, 2021, this court deferred Gilead's unopposed request to take judicial notice of the order and related documents in the Delaware action. We now grant the request. (Evid. Code, §§452, subd.(d), 459.)

the judgment or order will be affirmed regardless of the correctness of the grounds upon which the court reached its conclusion.' [Citation.]" (*Abouab v. City and County of San Francisco* (2006) 141 Cal.App.4th 643, 661, italics omitted; *Fierro v. Landry's Rest. Inc.,* 32 Cal.App.5th 276, 286 ["we review the trial court's ruling, not the reasons stated for the ruling"].)

Section 1601 extends a right of inspection to "any *shareholder* or holder of a voting trust certificate."[5]  (Italics added.)  Although the provision does not define the term "shareholder," section 185 of the Corporations Code governs its construction and defines the term as "one who is a holder of record of shares."  (See §101 ["Unless the provision or the context otherwise requires, the general provisions and definitions set forth in this chapter govern the construction of this division"].)

We are not, as Ramirez's argument implies, free to ignore that definition.  " ' " 'When a statute prescribes the meaning to be given to particular terms used by it, that meaning is generally binding on the courts.' " ' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 84; *In re I.A.* (2019) 40 Cal.App.5th 19, 22-23 [" 'If the statutory language is clear and

---

[5] In relevant part, section 1601 provides: "(a)(1) The accounting books, records, and minutes of proceedings of the shareholders and the board and committees of the board of any domestic corporation, and of any foreign corporation keeping any records in this state or having its principal executive office in this state, or a true and accurate copy thereof if the original has been lost, destroyed, or is not normally physically located within this state shall be open to inspection at the corporation's principal office in this state, or if none, at the physical location for the corporation's registered agent for service of process in this state, upon the written demand on the corporation of *any shareholder* or holder of a voting trust certificate at any reasonable time during usual business hours, for a purpose reasonably related to the holder's interests as a shareholder or as the holder of a voting trust certificate." (Italics added.)

6

unambiguous, we presume the Legislature meant what it said and the plain meaning of the statute governs' "]; *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 804 ["It is bedrock law that if the law-maker gives us an express definition, we must take it as we find it."].) The express definition provided in section 185 compels the conclusion that Ramirez, who undisputedly is not a "holder of record of shares," lacks standing to demand inspection under section 1601. (§§ 185, 1601; see *Hagan v. Fairfield* (1960) 183 Cal.App.2d 703, 704-705 [reaching same conclusion under predecessor statutes]; *Farrington v. Fairfield* (1961) 194 Cal.App.2d 237, 239, fn. 1; *Acosta v. Pacific Enterprises* (9th Cir. 1991) 950 F.2d 611, 615, fn. 4.)

Ramirez identifies nothing to indicate that "the provision or the context" of section 1601, as those terms are used in section 101, requires us to conclude the Legislature's definition of "shareholder" for purposes of the division encompassing the shareholder inspection statute does not govern its construction. Instead, resting heavily on policy, he argues that interpreting sections 1601 and 185 as written would "create the absurd result" that beneficial owners of publicly traded stocks have no inspection rights under California law because "the only entity that has any inspection rights" is the bank or broker who holds the title.[6] Such considerations cannot inform our analysis here because the statutory language is unambiguous. " 'It is only when the [statutory] language supports more than one reasonable

_____

[6] Gilead counters with the observation that shareholders in many *private* companies possess inspection rights under section 1601; that federal securities law requires public companies to disclose certain information to shareholders; and that beneficial owners can make inspection demands by transferring shares onto the company's share register, instructing the holder of record to issue a demand letter, or bringing the claim in Delaware, which does not restrict inspection demands to holders of record.

construction that we consult legislative history, the ostensible objects to be achieved, or other extrinsic aids in order to select the construction that most closely comports with the legislative intent.' " (*In re. I.A., supra,* 40 Cal.App.5th at p. 23.) Moreover, " ' " [i]nconvenience or hardships, if any, that result from following [a] statute as written must be relieved by legislation . . . . Construction may not be substituted for legislation." [Citation.]' " (*Rudick v. State Bd. Of Optometry* (2019) 41 Cal.App.5th 77, 88.)

Ramirez points to two other provisions of the Corporations Code that expressly grant beneficial owners the same rights as shareholders of record (§§ 711 [disclosure of share voting records, added by stats. 1988, c.1360, § 1] and 800 [right to bring derivative action, added by stats. 1975, c. 682, § 7]) as "support[ing] the concept that beneficial shareholders can demand books and records." They do not. As Gilead observes, the Legislature's enactment of other provisions granting beneficial owners specific rights shows that it is capable of doing so when it sees fit. "The Legislature is presumed to be aware of all laws in existence when it passes or amends a statute. [Citations.] ' "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." [Citations.]' " (*In re Greg F.* (2012) 55 Cal.4th 393, 407.) If the Legislature wanted to extend inspection rights under section 1601 to beneficial owners, it knew how to do so.

Ramirez's reliance on *Schnabel v. Superior Court* (1993) 5 Cal.4th 704 (*Schnabel*), a marital dissolution case, suggests nothing different. Although there the Supreme Court determined the plaintiff was entitled to discovery of corporate records to assess the value of community property shares held by

her husband, the record shareholder, the Court's decision rested principally on the equivalence of the spouses' community property rights in the shares, the spousal fiduciary duty to provide equal access to information regarding community assets, and the strong public policy in favor of fair child and spousal support awards and a fair division of community assets. (*Id.* at pp. 715, 717.) Those considerations are not present here. Moreover, the Court emphasized the narrow scope of its holding: "We need not precisely define the shareholder right of inspection in all situations. This is a marriage dissolution proceeding, not a shareholder inspection action. The shareholder rights support [the wife's] claim to third party discovery, but [her] rights here and another shareholder's rights in other situations are not necessarily coextensive." (*Id.* at p. 717.) In short, *Schnabel* is inapposite.

Ramirez alternatively argues that, even if section 1601 is limited to holders of record, he is entitled to Gilead's records under a preexisting common law right of inspection available to beneficial owners as well as record holders. We disagree. The clear and unequivocal statutory language limiting the right of inspection to holders of record demonstrates a legislative intent to modify the broader common law rule. (*See California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 297 [we construe statutes to avoid conflict with common law *unless* statutory language discloses legislative intent to depart from, alter or abrogate common law rule]; *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1300 [courts may consider common law practices only if not superseded by or in conflict with statutory provisions].) Not surprisingly, then, the only authorities Ramirez cites for his contrary position were issued over 100 years ago and long before the Legislature enacted the predecessor of section 1601 in 1947. (*Webster v. Bartlett Estate Co.* (1917) 35 Cal.App.283, 285; *Hobbs v.*

9

*Tom Reed Gold Mining Co.* (1913) 164 Cal. 497, 501; see Westlaw Historical and Statutory Notes, Stats.1947, c. 1038, p. 2363, § 3003.)

We conclude the trial court properly denied Ramirez's petition for writ of mandate.  In light of this conclusion, we will not resolve Gilead's contention that the appeal is moot.  We conclude Ramirez's appeal does not satisfy the standard for deeming an appeal frivolous (see *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651) and therefore deny Gilead's motion for sanctions.

## DISPOSITION

The order denying the petition for writ of mandate is affirmed.  Gilead's motion for sanctions is denied.  Gilead is awarded its costs on appeal.

_____

Wiseman, J.*

WE CONCUR:


_____

Fujisaki, Acting P.J.


_____

Petrou, J.


*Ramirez v. Gilead Sciences, Inc.*, A159428


---

11

Trial Court:                                              San Mateo County Superior
                                                         Court


Trial Judge:                                             Hon. George A. Miram


Counsel:

Cotchett, Pitre & McCarthy, LLP, Mark C. Molumphy, Noorjahan Rahman,
Tyson C. Redenbarger; Bottini & Bottini, Inc., Francis A. Bottini, Jr, for
Appellant.

Cooley, LLP, John C. Dwyer, Shannon M. Eagan, Tijana M. Brien,
Christopher A. Vail, Barrett J. Anderson, for Respondent.